UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case No. 11-20451-CV-JLK
Case No. 11-22815-CV-JLK (consolidated)

MILLENNIUM LABORATORIES, INC.,
a California corporation,

      Plaintiff,

v.

AEGIS SCIENCES CORPORATION,
a Tennessee corporation,

      Defendant.

_____/

**ORDER DENYING AEGIS SCIENCES CORPORATION'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS (DE #37)**

**THIS MATTER** comes before the Court on Aegis Sciences Corporation's Motion for Partial Judgment on the Pleadings (DE #37), filed July 1, 2011. Alternatively, Aegis Sciences Corporation seeks a stay of the above-styled case pending resolution of a related action filed subsequently in the Middle District of Tennessee.[1] After careful consideration

---

[1] On August 4, 2011, the Middle District of Tennessee transferred the related case, *Aegis Sciences Corporation v. Millennium Laboratories, Inc.*, Case No. 11-cv-22815, to the Southern District of Florida (DE #45), and it was assigned to Judge Ursula Ungaro. This Court has accepted transfer of the related case from Judge Ungaro and consolidated it under Case No. 11-20451-CV-JLK (DE #56). Accordingly, the request for stay is denied as moot. Further, this Order will not address any arguments in the present Motion that rely on a conflict between the first-filed case in the Southern District of Florida and the subsequently-filed case in the Middle District of Tennessee.

of the parties' filings in this matter in conjunction with the pleadings, the Court finds that it must deny Aegis Sciences Corporation's Motion (DE #37).

Millennium Laboratories, Inc. ("Millennium") and Aegis Sciences Corporation ("Aegis") are competitors in the clinical drug testing and screening market. On May 25, 2011, Millennium filed the First Amended Complaint (DE #29), alleging various causes of action related to Millennium's underlying claim that Aegis is utilizing unlawful business practices to unfairly compete with Millennium's position in the market. Aegis filed an Answer (DE #31) to the Amended Complaint on June 13, 2011, denying the bulk of Millennium's claims and alleging counterclaims. Aegis now moves for judgment on the pleadings under Rule 12(c), arguing that the Amended Complaint in its entirety is a shotgun pleading, Paragraph 72 of the Amended Complaint violates Rule 9(b), and Count Six of the Amended Complaint fails to state a claim for declaratory relief.

As an initial matter, Aegis argues that the Amended Complaint should be dismissed as a shotgun pleading. This argument is entirely without merit. A shotgun pleading is one in which each count incorporates by reference all of the paragraphs of each preceding count so that it is virtually impossible for the opposing party to respond accordingly. *See, e.g., Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002) ("The typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors . . . "). Upon review of the Amended Complaint in the above-styled case, it is abundantly clear that it is simply not a shotgun

pleading. Accordingly, the Court must deny the Motion insofar as it relies on the shotgun pleading allegation.

Aegis' remaining arguments hone in on a single paragraph of the Amended Complaint, in which Millennium alleges that Aegis has been making false statements to clients about the lawfulness of Millennium's business practices.[2] (DE #29, ¶72). Aegis first urges the Court to grant a judgment on the pleadings and dismiss all counts insofar as they rely on Paragraph 72 of the Amended Complaint. (DE #37, at 1). Aegis goes on to argue that the claim for declaratory relief, in particular, should be dismissed insofar as it relies on Paragraph 72. (DE #37, at 14–16).

A party may move for a judgment on the pleadings after the pleadings stage has closed. Fed. R. Civ. P. 12(c). When reviewing such a motion, the Court must "accept the facts in the complaint as true and view them in the light most favorable to the nonmoving party." *Ortega v. Christian*, 85 F.3d 1521, 1524 (11th Cir. 1996). The crux of Aegis' argument is that Paragraph 72 pleads allegations of fraud without the specificity required by Rule 9(b);[3] therefore, when evaluating the Amended Complaint under Rule 12(c), the Court should not accept the factual allegations of Paragraph 72 as true. Despite Aegis' urging to the contrary, when evaluating a pleading under Rule 12(c), this Court looks at the pleading

---

[2] Paragraph 72 is located in the "Factual Background and Allegations" section of the Amended Complaint and is incorporated by reference with regard to each of the six counts.

[3] "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).

in its entirety. In doing so, the Court finds that the Amended Complaint, including but not limited to Paragraph 72, contains sufficient specificity in support of its allegations of fraud. Further, taking all of the well-pled factual allegations of the Amended Complaint as true and in the light most favorable to the Plaintiff, the Court finds that Count Six sufficiently pleads a claim for declaratory relief.

Accordingly, having considered the parties' filings and being otherwise advised, it is hereby **ORDERED, ADJUDGED, and DECREED** that:

1. Aegis Sciences Corporation's Motion for Partial Judgment on the Pleadings (DE #37) be, and the same is hereby, **DENIED**.

2. Aegis Sciences Corporation's Alternate Motion for Stay (DE #37) be, and the same is hereby, **DENIED AS MOOT**.

**DONE and ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse in Miami, Florida on this 7th day of September, 2011.

JAMES LAWRENCE KING
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

cc:

*Counsel for Millennium Laboratories, Inc.*
**Carol Ann Licko**
Hogan Lovells US LLP
1111 Brickell Avenue
Suite 1900
Miami, FL 33131
305-459-6500

Fax: 459-6550
Email: carol.licko@hoganlovells.com

**Catherine Speraw Dorvil**
Hogan Lovells US LLP
1111 Brickell Ave., Suite 1900
Miami, FL 33131
305-459-6671
Email: catherine.dorvil@hoganlovells.com

**Paul A. Werner**
Hogan Lovells US LLP
555 Thirteenth Street, NW
Washington, DC 20004
Email: paul.werner@hoganlovells.com

**Steven P. Hollman**
Hogan Lovells US LLP
555 Thirteenth Street, NW
Wasington, DC 20004
Email: steven.hollman@hoganlovells.com

*Counsel for Aegis Sciences Corporation*
**Cannon F. Allen , Sr.**
Adams and Reese, LLP
80 Monroe Avenue
Suite 700
Memphis, TN 38103
901-524-5275
Email: cannon.allen@arlaw.com

**Joel T. Galanter**
Adams & Reese LLP
424 Church Street
Suite 2800
Nashville, TN 37219
615-259-1064
Email: joel.galanter@arlaw.com

**Melissa Stok Rizzo**
Adams and Reese LLP
101 E. Kennedy Blvd.

Suite 4000
Tampa, FL 33602
813-402-2871
Fax: 813-402-2887
Email: melissa.rizzo@arlaw.com

**Robert Walter Boos**
Adams and Reese LLP
101 E. Kennedy Blvd.
Suite 4000
Tampa, FL 33602-5230
813-402-2864
Fax: 813-402-2887
Email: bob.boos@arlaw.com

**Deborah H. Oliver**
Adams and Reese LLP
101 E. Kennedy Blvd.
Suite 4000
Tampa, FL 33602
813-227-5505
Fax: 813-227-5605
Email: deborah.oliver@arlaw.com