UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MILLENNIUM LABORATORIES, INC.,   CASE NO: 11-20451-CIV-JLK
a California corporation,

      Plaintiff,

v.

AEGIS SCIENCES CORPORATION, a
Tennessee corporation,

      Defendant.
_____/
AEGIS SCIENCES CORPORATION,   CASE NO: 11-22815-CIV-JLK
a Tennessee corporation,

      Plaintiff,

v.

MILLENNIUM LABORATORIES, INC., a
California corporation,

      Defendant.
_____/

## REPORT NO. 4

By its Order dated November 8, 2011, the Court referred to me a number of discovery-related matters. By its Order dated March 21, 2012 [DE 150], the Court also referred Millennium's Motion to Disqualify Defendant's Counsel and for Sanctions [DE 140] to me for a report and recommendation. I submit this report for a different, but very important, reason, because I believe it will advance Fed. R. Civ. P. 1's goals to achieve the just, speedy, and inexpensive determination of this action. On the parties' behalf, and with my strong support, I am requesting that the Court extend each of the deadlines in its scheduling order for a period of 60 days to allow the Special Master to have a meaningful mediation session with the parties.

**Background**

The Special Master has facilitated the production of paper documents and electronically stored information, assisted the parties in setting the number of deponents, resolved disputes over the production of financial information, resolved a dispute regarding discovery from a nonparty-related corporation, and addressed a number of other discovery matters to allow the parties to meet the existing pretrial schedule established by the Court in its Order dated December 2, 2011 [DE 118].  I am comfortable in saying that the parties have been able to eliminate the typical (and their prior) Rule 26(c) and 37(a) motion practice by having the ability to air their discovery disputes before a neutral on an informal basis in periodic conference calls and then receive the assistance of the neutral, when needed, to find solutions.

**Discovery Costs and Settlement Talks**

The discovery costs in this case are high and mounting.  As part of routine discussions with counsel, the topic of settlement has come up frequently as I probed with counsel what was at stake in this matter relative to the amounts that were being spent on legal fees and costs.  With an avalanche of depositions soon scheduled to begin, the topic of settlement moved to the top of the agenda in my calls with counsel.

In the past three days, by agreement of counsel, I have had calls with counsel for each party individually, and then lengthy calls with counsel jointly, to discuss the potential for meaningful settlement discussions.  I have now heard enough from both sides to be confident in saying that I believe judicial economy and the goals of Rule 1 will be served by giving the parties a respite from discovery so that they can devote their full attention to serious settlement dialogue.

Because of my background on this case, the parties have asked the Special Master to serve as their mediator. I would only do so if I received the assurances of the parties that, should the matter not settle, nothing that was said at a mediation by me or to me would be used as a basis to object to any future decision I might make as a Special Master because of my service as a mediator, or raise any issue of bias or impropriety. I have received that assurance in writing from each party's counsel.

I also have received the assurance that officers of each party with full settlement authority, which I defined as not having to call anyone else to make a settlement decision, will be present at the mediation, and further that they would meet with me in Miami on May 3, 2012, a day in the first week that I had availability and that also fit with the schedules of all of the attendees.

**Adjusting the Scheduling Order**

The parties cannot effectively suspend discovery and focus their energies on dispute resolution without knowing that they would have the time to complete discovery should the matter not settle. Based on my knowledge of this matter, my conversations with counsel, and my belief that the parties are genuinely motivated to attempt to resolve their differences on an amicable basis, I strongly recommend that the Court adjust the schedule in the Courts December 2, 2011 Order as follows:

| **Matter** | **Current Deadline** | **Proposed New Deadline** |
|---|---|---|
| Trial | November 19, 2012 | January 16, 2012 |
| Pre-Trial | October 5, 2012 | December 7, 2012 |
| Discovery Deadline | May 31, 2012 | July 31, 2012 |
| Expert Discovery Deadline | August 10, 2012 | October 10, 2012 |

| Matter | Current Deadline | Proposed New Deadline |
|---|---|---|
| Dispositive Motion Deadline | July 16, 2012 | September 16, 2012 |
| Non-Dispositive Pretrial Motion Deadline | August 16, 2012 | October 16, 2012 |

I do not make this recommendation lightly. I am unable to guarantee that a settlement will occur. But I have heard enough from highly professional counsel for both parties to conclude that it is prudent to give them the time to pursue settlement without the constraints of intense and expensive ongoing discovery, including multiple depositions that would have to occur weekly for the next several weeks to meet the existing deadlines. Therefore I strongly recommend to the Court that it enter a new scheduling order incorporating the above dates or whatever other dates that best fit the Court's calendar and would achieve the purposes set forth herein.[1]

Respectfully Submitted,

/s/  John M. Barkett_____
John M. Barkett, Esq.
Special Master
April 4, 2012

cc: The Honorable James Lawrence King
   The Honorable Chris McAliley
   Counsel of Record
   (all via the CM/ECF system)

---

[1] During this brief hiatus, the Special Master will not ignore the Court's Order of referral on Millennium's motion to disqualify but instead will address it in a sensible way mindful of the upcoming mediation.